Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50402 | **DATE** | 2/20/2002 |
| **CASE TITLE** | C.H.R.I.S.T., Inc. vs. Meyers | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted and plaintiff's motion to deny that motion is stricken. This case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, C.H.R.I.S.T., Inc., an Illinois not-for-profit religious organization, proceeds pro se in its amended complaint against defendant, Richard Meyers, in his official capacity as the Winnebago County Sheriff ("Sheriff"), in which it alleges various constitutional violations under 42 U.S.C. § 1983. Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1391(b). Before the court is the Sheriff's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

Before turning to the merits, the court strikes the following materials submitted by C.H.R.I.S.T. in response to the Sheriff's motion: (1) "Response to Major Houi's Affidavit," (2) "Response to Sheriff Meyers Affidavit," (3) "Motion to Deny Summary Judgment," (4) "Memorandum in Support of Plaintiff's Motion to Deny Defendant's Summary Judgment," and (5) a "Status Report" filed on October 19, 2001. As for the first two, C.H.R.I.S.T. has already filed a response to the Sheriff's Local Rule 56.1(a) statement of facts, and the rule does not allow a nonmoving party to respond in similar fashion to each and every paragraph of a moving party's affidavits. Next, a separate motion to deny an opposing party's motion for summary judgment is obviously unnecessary. Indeed, the brief accompanying this motion is largely duplicative of C.H.R.I.S.T.'s separate brief in response to the Sheriff's motion and the court will not allow C.H.R.I.S.T. to circumvent the local rule on page limits by filing two nearly identical briefs (the former being ten pages long and the latter nine pages) addressing the same issues. The Status Report is stricken because it contains unsupported allegations and bare legal conclusions.

From what can be made of them based on the minimal record before the court, C.H.R.I.S.T.'s claims under the Establishment Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment are without any legal merit or factual support. The court accordingly dismisses these claims without further comment. That leaves C.H.R.I.S.T.'s equal protection theory, which the court understands essentially to be that the Sheriff preferred other, more widely-recognized religions over C.H.R.I.S.T. Specifically, C.H.R.I.S.T. claims Major Eddie Houi, the Sheriff's Corrections Bureau Commander, denied the request of Jesus Barbary, the president and "Supreme Ambassador" of C.H.R.I.S.T., to have a pastoral visit with one of the inmates at the Winnebago County Jail ("Jail") who was also a member of C.H.R.I.S.T. In contrast, C.H.R.I.S.T. argues, the Sheriff regularly grants similar pastoral visitation requests from clergymen of other faiths. Because C.H.R.I.S.T. has affirmatively declared in its response brief it is suing the Sheriff only in his official capacity (Pl. Resp., p. 7), it must establish the denial of Barbary's pastoral visitation request was the result of an official "custom or policy." See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

To this end, C.H.R.I.S.T. certainly cannot show the Sheriff has an "express policy," Latuszkin v. City of Chicago, 250 F.3d 502, 504 (7th Cir. 2001), of denying pastoral visitation requests based on a particular faith or religion; on the contrary, the Sheriff's official policy is to allow any clergyman of any religious sect to visit, for pastoral purposes, with an inmate in the Jail who is a member of that clergyman's church or religious faith. (LR 56.1(a) ¶ 4) Nor is there sufficient evidence of a "widespread practice" or "pervasive pattern" of denying pastoral visitation requests because of religious affiliation. See Abbott v. Village of Winthrop Harbor, 205 F.3d 976, 981 (7th Cir. 2000). Even assuming Houi's denial of Barbary's request to visit an inmate as an "ambassador" of C.H.R.I.S.T. violated the Sheriff's stated policy and C.H.R.I.S.T.'s right to equal protection, this single, isolated incident committed by a nonpolicymaking official (and C.H.R.I.S.T. offers no evidence of anything more than this one incident) does not amount to a "permanent and well-settled practice" of depriving religious organizations or their members of their constitutional rights. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985); Cornfield by Lewis v. Consolidated Sch. Dist. No. 230, 991 F.2d 1316, 1326 (7th Cir. 1993). Finally, C.H.R.I.S.T. cannot show its alleged constitutional injury was caused by a person with "final policymaking authority." Latuszkin, 250 F.3d at 504. The Sheriff, who undeniably has such authority, has stated in an affidavit he neither participated in nor was even aware of Houi's decision to deny Barbary's pastoral visitation request. (LR 56.1(a) ¶ 6; Def. Exh., Meyers Aff. ¶¶ 3-5) To rebut this evidence, C.H.R.I.S.T. points to a "chain of command" policy within the "Winnebago County Corrections Policy and Procedure" manual and a follow-up letter Barbary wrote to Houi, a copy of which he also sent to a Winnebago County Board Chairperson. (LR 56.1(a) Pl. Resp. ¶ 6; Pl. Exhs. E, F) The desired inference from all of this, however – that the Sheriff knew or should have known about Houi's actions – is sheer speculation and insufficient to survive summary judgment. There is simply no competent evidence from which a reasonable jury could conclude the Sheriff (or anybody else with final policymaking authority over the Jail) ratified Houi's decision by acknowledging it, and then approving it and the basis for it. See Baskin v. City of Des Plaines, 138 F.3d 701, 705 (7th Cir. 1998).[1]

For the reasons stated above, the Sheriff's motion for summary judgment is granted and C.H.R.I.S.T.'s motion to deny the Sheriff's motion is stricken. This case is dismissed in its entirety.

---

[1] Although the Sheriff has raised only the Monell issue in discussing the equal protection claim, the court notes two other grounds upon which dismissal might be appropriate. First, C.H.R.I.S.T. has introduced absolutely no evidence even suggesting the reason Houi denied Barbary's visitation request was out of some animus against minority or nontraditional religions. And without any underlying constitutional violation, the Sheriff cannot be held liable under § 1983. See Treece v. Hochstetler, 213 F.3d 360, 364 (7th Cir.), cert. denied, 531 U.S. 957 (2000). Second, it seems the more appropriate plaintiff in a situation like this would be the inmate who was denied the opportunity to visit with a clergyman of his choice, not the religious organization to which the clergyman belongs.

# United States District Court
## Northern District of Illinois
### Western Division

`C.H.R.I.S.T., Inc.                    **JUDGMENT IN A CIVIL CASE**

v.                                      Case Number: 00 C 50402

Sheriff Meyers

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted and plaintiff's motion to deny that motion is stricken. This case is dismissed in its entirety.

All orders in this case are now final and appealable.

FILED-WD
2002 FEB 20 PM 2:14
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 2/20/2002

Susan M. Wessman, Deputy Clerk